FIFTH DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

Case No. 5D2025-3682
LT Case No. 2005-CF-001831-A
_____

NATHANIEL BROWN,

    Petitioner,

    v.

STATE OF FLORIDA,

    Respondent.

_____

Petition for Writ of Habeas Corpus,
A Case of Original Jurisdiction.

Nathaniel Brown, Raiford, pro se.

No Appearance for Respondent.

January 23, 2026

PER CURIAM.

    This court previously entered an order denying what amounted to Nathaniel Brown's petition for writ of habeas corpus. Due to Brown's apparent abuse of the legal process by his repetitive and frivolous pro se filings attacking his conviction and sentence entered in 2005 in Duval County Circuit Court case

number 16-2005-CF-001831-A,[1] we issued an order dated December 11, 2025, directing Brown to show cause why he should not be barred from filing in this court any appeal, petition, pleading, or motion pertaining to his conviction and sentence rendered in Duval County Circuit Court case number 16-2005-CF-001831-A unless reviewed and signed by an attorney licensed to practice law in the State of Florida.

Having carefully considered Brown's response and finding that it fails to show cause why sanctions should not be imposed, we conclude that Brown is abusing the judicial process and should be barred from further pro se filings in this case. Therefore, in order to conserve judicial resources, Nathaniel Brown is prohibited from filing with this Court any further pro se filings concerning Duval County Circuit Court Case No. 16-2005-CF-001831-A. The Clerk of this Court is directed not to accept any further pro se filings concerning the referenced case. The Clerk will summarily reject any future filings regarding the referenced case unless filed by a member in good standing of The Florida Bar. *See Isley v. State*, 652 So. 2d 409, 411 (Fla. 5th DCA 1995) ("Enough is enough.").

PETITIONER, NATHANIEL BROWN, PROHIBITED FROM FUTURE PRO SE FILINGS.

WALLIS, LAMBERT, and BOATWRIGHT, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

[1] *See Brown v. Bondi*, 240 So. 3d 902 (Fla. 1st DCA 2018); *Brown v. State*, 35 So. 3d 72 (Fla. 1st DCA 2010).

2